IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH L. ROGERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 2:07-cv-00610-JFG-JEO |
| | ) |
| WARDEN DARRYL DREW, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

Before the Court is the petitioner's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 1 ("Petition")).[1] Therein, he challenges the respondent's denial of his request for a furlough.

**I.   BACKGROUND**

The petitioner was previously incarcerated at the Federal Correctional Institution in Talladega, Alabama.[2] (Attachment 1).[3] He is serving a 135 month sentence with 5 years supervised release on his conviction for conspiring to distribute cocaine and heroin in violation of 21 U.S.C. § 846. *Id*. at 2. The petitioner has a projected release date of May 4, 2008, via good conduct time release. *Id*. at 3.

In or about August 2006, he requested assistance in obtaining a furlough. (Petition at Ex. A). Because of his criminal history and no other circumstances justifying a furlough, the request

---

[1] The references to "Doc. ___" are to the document numbers assigned by the Clerk of the Court.

[2] The petitioner has since been moved to CCM-Atlanta where he will reside until his release date in May 2008.

[3] Documents herein referenced by "Attachment ___" are located at document 5. Some of the "Attachments" are not identified by a separate number. Accordingly, the Court will refer to them using the electronic number assigned by the Clerk of the Court.

was denied by his Unit Manager. *Id*. The petitioner prepared an appeal of the determination on September 6, 2006. *Id*. at Ex. B. According to the petitioner, it was submitted to his counselor for forwarding to the Unit Manager for review by the warden. (Petitioner's Aff. at 11-19-2006 Request Form).[4] A copy of the appeal was received in the "Administrative Remedy Section" of the Office of General Counsel on October 16, 2006. *Id*. Again, according to the petitioner, the warden's copy was lost and never reviewed despite his continued efforts to have it presented to the warden as required. (Petitioner's Aff. at ¶¶ 2-16). The petitioner filed a Regional Administrative Appeal of the denial on October 30, 2006, which was rejected because he failed to file an Institution Administrative Remedy with the warden. (Collins Aff. at ¶ 5). The petitioner then filed an Administrative Remedy Appeal with the Office of General Counsel on December 18, 2006. *Id*. The appeal again was rejected because the petitioner had failed to file at the institution level first. *Id*.

On December 8, 2006, the petitioner requested an overnight furlough to visit his godmother in Atlanta, Georgia, from December 25, 2006, to December 29, 2006. (Attachment 2 and Perkins Declaration).[5] The request was denied. (Attachment 3 and Perkins Declaration). There is no evidence this denial was appealed to the warden.

The petitioner then filed the present action. He alleges that he has exhausted his administrative remedies, and that the prison staff never answered any of his requests for relief. Petition at 2. The Court entered an order requiring the respondent to appear and show cause why the requested relief should not be granted. In his response, the warden asserts that this matter is

---

[4]The petitioner's affidavit is attached to his traverse. (Doc. 7).

[5]Anthony Perkins declaration is located at document 5-4 in the Court's file. Perkins was the petitioner's case manager while he was at FCI Talladega. *Id*. at ¶ 1.

due to be dismissed for failure to exhaust administrative remedies and on the merits. (Doc. 5 ("Response")). The petitioner has filed a traverse arguing to the contrary. (Doc. 7 ("Traverse")).

## II. DISCUSSION

### A. Failure to Exhaust

The law is clear – an inmate must exhaust his administrative remedies before this Court may address his claim. *See Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) (Congress mandated completion of any prison administrative remedy process capable of addressing the inmate's complaint and providing some form of relief, "irrespective of the forms of relief sought and offered through administrative avenues"); *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (exhaustion of administrative remedies is a "precondition to filing an action in federal court"). Additionally, arguments of futility are unacceptable excuses for failing to exhaust. *See Booth*, 532 U.S. at 741 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); *Arko v. Warden, USP Atlanta, et al.*, 2006 WL 297224 at *3 (N.D. Ga. 2006) (there is no futility exception).

The BOP Administrative Remedy Program for inmates is set out in the Code of Federal Regulations at 28 C.F.R. §§ 542.10, *et seq*. An inmate may seek formal review of any aspect of his imprisonment if less formal procedures do not resolve the matter. 28 C.F.R. § 542.10. The procedure provides for a three-tiered review process comprised of the respective warden, the

regional director, and the general counsel. 28 C.F.R. § 542.11. An inmate must first present his complaint for informal resolution before filing for formal review. If the inmate is unable to resolve his complaint informally, then a written administrative remedy request is formally filed locally, with the warden of the facility in which the inmate is confined. The inmate has 20 calendar days from the date on which the action complained of occurred to attempt informal resolution and file a formal complaint. Inmates are instructed to place a single complaint or a reasonable number of closely related issues on the form. The warden ordinarily has twenty calendar days to respond. 28 C.F.R. § 542.14. If the inmate is not satisfied with the response received from the warden, he may appeal to the appropriate regional director within twenty calendar days. If the inmate is not satisfied with the response of the regional director, that response may be appealed to the General Counsel within 30 calendar days. Appeal to the Office of the General Counsel is the final administrative appeal in the Bureau of Prisons. 28 C.F.R. § 542.15.

In this case, the Court finds that the petitioner has not exhausted his administrative remedies. With regard to the denial of a furlough in August 2006, he was advised twice that he filed at the wrong level and he failed to properly file his initial complaint at the warden's level. Additionally, he failed to appeal the denial of his December 8, 2006 request. Accordingly, this action is due to be dismissed for failure to exhaust administrative remedies.

> **B.** **Review on the Merits**

Even were this Court to review his claim on the merits, he would be entitled to no relief. Furloughs are an authorized unescorted absence from an institution by an inmate who is not under escort of a staff member, United States Marshal, or state or federal agents. 28 C.F.R. §

4

570. A furlough is not a right, but a privilege granted an inmate under prescribed conditions. There are two types of furloughs.  A day furlough is a furlough within the geographic limits of the commuting area of the institution (approximately a 100 mile radius), which lasts 16 hours or less and ends before midnight.  An overnight furlough is a furlough which falls outside or beyond the criteria of a day furlough.  28 C.F.R. § 570.31.  Furloughs are permitted for the following reasons:

(1) To be present during a crisis in the immediate family, or in other urgent situations;
(2) To participate in the development of release plans;
(3) To reestablish family and community ties;
(4) To participate in selected educational, social, civic, religious, and recreational activities which will facilitate release transition;
(5) To transfer directly to another institution or to a non-federal facility;
(6) To appear in court in connection with a civil action;
(7) To comply with an official request to appear before a grand jury, or to comply with a request from a legislative body or regulatory or licensing agency;
(8) To appear in a criminal court proceeding, but only when the use of a furlough is requested or recommended by the applicable court or prosecuting attorney; or
(9) To participate in special training courses or in institution work assignments, including Federal Prison Industries (FPI) work assignments, of 30 calendar days or less, when daily commuting from the institution is not feasible.

28 C.F.R. § 570.32(a).  A warden or acting warden may also recommend a furlough for an inmate to obtain necessary medical, surgical, psychiatric, or dental treatment not otherwise available.  28 C.F.R. § 570.32(b).  A warden may further refer a request for a furlough in other situations through the respective regional director to the Assistant Director of Correctional Programs Division for approval.  A warden may approve a furlough for an inmate with two years or less remaining until the inmate's anticipated release date.  Finally, a warden may approve an

overnight furlough within the institution's commuting area for an inmate with 18 months or less remaining until his release date or the warden may approve an overnight furlough outside the institution's commuting area for an inmate with one year or less remaining until the inmate's anticipated release date.

Program Statement 5280.08, Furloughs (PS 5280.08), implements the federal furlough regulations and provides further guidance for a warden and institutional staff.  Pursuant to PS 5280.08, a warden ordinarily may not grant a furlough to an inmate convicted of a serious crime against a person or whose presence in the community could attract undue public attention, create unusual concern, or depreciate the seriousness of the offense.  28 C.F.R. § 570.35(a).  Each warden has the responsibility to make an independent determination of an inmate's furlough eligibility.  These determinations are made in consultation with the unit team staff.

The law is clear that prison official's classification decisions, such as where an inmate should be designated, are discretionary.  *See McKune v. Lile*, 536 U.S. 24, 39 (2002) (no liberty interest in transfers); *Cohen v. United States*, 151 F.3d 1338 (11th Cir. 1998), (BOP classification decisions, particularly designation decisions, are clearly discretionary).  Likewise, a prisoner has no constitutional right to a furlough.  *See* 28 C.F.R. § 570.30; *see also Groppi v. Bosco*, 208 Fed. Appx. 113 (3d Cir. 2006); *see also Bowser v. Vose*, 968 F.2d 105, 106-07 (1st Cir. 1992) ("It is clear that the denial of a furlough implicates no inherent liberty interest"); *Whitethorn v. Harrelson*, 758 F.2d 1416, 1421-22 (11th Cir. 1985) (Due Process Clause creates no liberty interest in being in work release program); *Mitchell v. Hicks*, 614 F.2d 1016, 1018 (5th Cir. 1980) (inmate has no liberty interest in place of confinement); *Chandler v. Baird*, 926 F.2d 1057 (11th Cir. 1991) (due process does not create a liberty interest in a prisoner being confined to a

general population cell, rather than more austere and restrictive administrative segregation).

The record demonstrates that the petitioner participated in two emergency furloughs within the commuting area while at the USP Atlanta-Camp. However, as noted by the respondent, these previous furloughs did not create a liberty interest in receiving future furloughs. Thus, the petitioner would be entitled to no relief on this claim.

### C. Equal Protection Claims

To the extent the petitioner claims his equal protection rights are being violated, the Court disagrees. No where does the petitioner allege that he falls into a protected class or that the BOP acted (or failed to act) towards him as a member of a protected class. It is well-established that the Equal Protection Clause requires similarly situated persons to be treated in a substantially equivalent way. *See F.S. Royster Guano Co. v. Commonwealth of Virginia*, 253 U.S. 412 (1920) ("all persons similarly circumstanced shall be treated alike"); *see also City of Cleburne v. Cleburne Living Center*, 473 U.S. 432 (1985); *United States v. Perez-Hernandez*, 672 F.2d 1380, 1385 (11th Cir. 1982) (The Fifth Amendment imposes the same equal protection requirements on the federal government as the Fourteenth Amendment's Equal Protection Clause imposes on the states). Accordingly, the petitioner would be entitled to no relief on this claim.

### III.     CONCLUSION

Premised on the foregoing, the present petition is due to be denied and dismissed. An appropriate order will be entered.

**DONE and ORDERED 7 February 2008.**

_____
**UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.**